IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **BRADLEY PATTON,** *on behalf of himself and others similarly situated,* ) ) ) | |
| **Plaintiffs,** ) ) | |
| ) | No. 3:23-cv-00637 |
| v. ) | JUDGE CAMPBELL |
| ) | |
| **MIKE FITZHUGH, et al.,** ) ) | |
| **Defendants.** ) | |

## MOTION TO DISMISS ON BEHALF OF DEFENDANTS JAMES TURNER, BARRY TIDWELL, AND HOWARD WILSON IN THEIR OFFICIAL CAPACITIES

Defendants Turner, Tidwell, and Wilson, in their official capacities, move to dismiss Plaintiff Bradley Patton's claims under Fed. R. Civ. P. 12(b)(1) and (b)(6). Dismissal is warranted because:

1. Sovereign immunity bars Plaintiff's claim. "Suits against state officials in their official capacit[ies] . . . should be treated as suits against the State." *Hafer v. Melo*, 502 U.S. 21, 25 (1991). And suits against the State are generally barred by sovereign immunity under Eleventh Amendment. *See Alabama v. Pugh*, 438 U.S. 781, 781 (1978). But, "[u]nder the *Ex parte Young* exception, a federal court can issue prospective injunctive and declaratory relief compelling a state official to comply with federal law." *S & M Brands, Inc. v. Cooper*, 527 F.3d 500, 507 (6th Cir. 2008). Here, Plaintiff's claim against Defendants Turner, Tidwell, and Wilson in their official capacities is a suit against the State. And, although Plaintiff seeks declaratory and injunctive relief, it is not prospective.

2. Plaintiff lacks standing to seek an injunction. Standing requires an "injury in fact." *Lujan*

*v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). The injury-in-fact inquiry is "twofold where a plaintiff requests injunctive relief." *Mosley v. Kohl's Dep't Stores, Inc.*, 942 F.3d 752, 756 (6th Cir. 2019). A request for injunctive relief "requires the plaintiff to show both 'past injury and a real and immediate threat of future injury.'" *Id.* (quoting *Houston v. Marod Supermarkets, Inc.*, 733 F.3d 1323, 1329 (11th Cir. 2013)). Here, Plaintiff was detained pre-trial while subject to the bail-source-hearing policy, but he was released. Thus, while Plaintiff alleges a past injury, there is no real and immediate threat of a future injury. Whether Plaintiff will face a bail-source hearing again is merely speculative, which is insufficient for standing. *Lujan*, 504 U.S. at 560.

3. Plaintiff cannot satisfy the requirements under Fed. R. Civ. P. 23 to certify a class action. He does not sufficiently show numerosity, commonality, typicality, or adequate representation under Rule 23(a). And he does not satisfy Rule 23(b)(2)'s requirements for seeking a class-wide injunction.

Respectfully submitted,

JONATHAN SKRMETTI
Attorney General and Reporter

/s/ *Eric W. Donica*
ERIC W. DONICA # 038506
Assistant Attorney General
Office of the Attorney General
Civil Law Division
P.O. Box 20207
Nashville, TN 37202
(615) 741-7226
eric.donica@ag.tn.gov

## **CERTIFICATE OF SERVICE**

       I hereby certify that a true and exact copy of this document has been served through the Court's CM/ECF system on November 3, 2023.

                                                /s/ *Eric W. Donica*
                                                ERIC W. DONICA
                                                Assistant Attorney General