IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| BRADLEY PATTON on behalf of himself and others similarly situated ) ) ) v. ) ) MIKE FITZHUGH, in his official capacity as ) Sheriff of Rutherford County, Tennessee *et al.* ) | Case No. 3:23-cv-00637<br>Judge Campbell<br>Magistrate Judge Holmes |

**O R D E R**

For the reasons discussed below, and pursuant to Fed. .R. Civ. P. 16(f), Plaintiff's attorney, Drew Justice, is **ORDERED** to (i) pay the reasonable attorneys' fees of Defendant's counsel for finalization of a proposed modified case management order and appearance at the February 22, 2024 case management conference (in an amount to be determined by separate order) and (ii) by no later than **April 30, 2024**, provide confirmation by a notice of filing that he has obtained a minimum of 4 hours of continuing legal education ("CLE") credit in small office or solo law practice management, at least 1.5 hours of which must be dual or ethics credit.

I.  Background[1]

By the provisions of the Initial Case Management Order entered in this case on November 17, 2023 (Docket No. 31), a second case management conference was set for February 22, 2024, at 2:00 p.m. (CT). (*Id*. at para. J.) On February 22, 2024, Nick Christiansen, counsel for Rutherford County Defendants Mike Fitzhugh and Melissa Harrell, and Eric Donica and Mary McCullohs, counsel for the Judicial Defendants James Turner, Barry Tidwell, and Howard Wilson, appeared for the case management conference. Plaintiff's counsel, Drew Justice, failed to appear. The date

---

[1] Only the factual background necessary to give context to or explanation of the Court's ruling on the distinct issue of imposition of sanctions is recited.

and time of the February 22 case management conference was both discussed with counsel during the initial case management conference on November 16, 2023, in which Mr. Justice participated, and was confirmed by the provisions of the Initial Case Management Order. (*Id*. at para. J.) Counsel were also instructed in the Initial Case Management Order to jointly prepare and file, in advance of the February 22 case management conference, a proposed modified case management order with their proposals for case management deadlines that had been previously reserved and other described information. (*Id*.) The Initial Case Management Order further expressly put the parties and their counsel on notice of their responsibility to prepare this case according to the case management schedule without reminders or prompts from the Court and admonished that failure to do so could result in any of the sanctions authorized by Fed. R. Civ. P. 16(f). (*Id*.)[2] Despite the Court's clear and direct directions, Plaintiff's counsel, Mr. Justice, both failed to participate in preparation of the proposed case management order (*see* Docket Nos. 43, 44, and 45) and failed to appear for the February 22 case management conference.

The expectations that the Court's orders will be followed and that parties and their attorneys will participate in scheduling and other pretrial conferences as directed, are codified in Rule 16(f), which authorizes the Court to impose sanctions upon the failure of any party or its attorney (i) to appear for a scheduling or other pretrial conference or (ii) to obey a scheduling or other pretrial order. Fed. R. Civ. P. 16(f)(1)(A) and (C). Among the authorized sanctions is dismissal of the action. Fed. R. Civ. P. 16(f)(1) (incorporating Rule 37(b)(2)(A)(v)). Rule 16(f) also mandates imposition of attorneys' fees and costs against the noncompliant party, its attorney, or both. Fed. R. Civ. P. 16(f)(2).

---

[2] Unless otherwise noted, all references to rules are to the Federal Rules of Civil Procedure.

Because Mr. Justice failed to participate in preparation of the modified case management order and failed to appear for the February 22 case management conference, the Court issued an order, on February 23, 2024, for Mr. Justice to show cause, by no later than March 1, 2024, why this case should not be dismissed under Rule 16(f)(1)(A) and (C) and why attorneys' fees should not be imposed under Rule 16(f)(2). (Docket No. 46.) On February 29, 2024, Mr. Justice filed a response to the show cause order, and an accompanying declaration (Docket No. 47), in which he

> [f]irst, [] contends that dismissal would be too extreme and inappropriate for his two acts of negligence. Second, he suggests that he was probably substantially justified in not drafting the Proposed Order, although he obviously agrees that he failed to confer reasonably after it was drafted. Third, he acknowledges that he has no good excuse for avoiding attorney's fees on the missed phone conference.

(*Id*. at 1.) Mr. Justice further expounds that the drastic sanction of dismissal is not warranted under the circumstances of this case and is "wholly unnecessary to address the problem" (*Id*.) In explanation of his failure to participate in the case management conference, Mr. Justice offers that "he just got distracted with other work" and that "no prejudice was caused except for a wasted court attendance by opposing counsel and the judge." (*Id*. at 2.) Mr. Justice also argues that he "was not warned about his noncooperation specifically, but only warned more generally and hypothetically (by the prior CMO) that any failure to follow the rules could result in sanctions" and that "no lesser sanctions have been imposed." (*Id*.)

Regarding imposition of attorneys' fees in connection with the proposed case management order, Mr. Justice contends that such an outcome is unwarranted because (i) he was substantially justified in not preparing the order because counsel for another party offered to prepare it; (ii) his failure to respond timely, "while erroneous," did not realistically generally any attorneys' fees or expenses for anyone since the order was already drafted; and, (iii) he did not have any significant disagreements with the proposed order, even if he had responded timely. (*Id*. at 3.) As for failing

to participate in the case management conference, Mr. Justice "agrees that attorney's fees are unfortunately justified – against him personally" because not only does he "not have any particularly good excuse, but regrettably, he wasted everyone's time who did call in." (Id.) Mr. Justice further states that

> [b]oiled down, what happened was simply that he had a good bit of work that day, got busy and preoccupied while working on something else, and then failed to realize that the conference had started. Worse yet, he also muted his phone so that he could work undistracted – which, unfortunately, then prevented the Court from even able to reach him.

(*Id*. at 3-4.) Mr. Justice elaborates on the circumstances of the two events at issue, his personal circumstances, and his law practice generally in an accompanying sworn declaration. (Docket No. 47-1.) In that declaration, Mr. Justice acknowledges that he needs to be "more organized" and that he "sometimes fails to calendar things," although he maintains that he had the February 22 case management conference on his calendar. (*Id*. at 3.) Mr. Justice also admits his sworn declaration that the case management conference slipped his mind "entirely" while he was working on another matter in another case (*id*. at 3-4) and, that he muted his cell phone to work on that matter "in peace." (*Id*. at 4.) Mr. Justice, by his own description, has "no partners or employees to reach [him] in person." (*Id*.) He also admits that on the day before the missed case management conference, he was told by a criminal court judge that the judge thought Mr. Justice was "spread too thin," with which Mr. Justice agrees, and is "working to fix." (*Id*. at 5.) Mr. Justice ends his declaration with the statement: "Due to this error and some other recent problems, I am somewhat re-thinking my life." (*Id.*)

## II. Legal Standards and Analysis

As a preliminary matter, the Court finds that imposition of sanctions of the sort described in this order is a non-dispositive matter within the authority of a magistrate judge. *See e.g. Williams*

4

*v. White Castle Sys., Inc.*, 526 F. Supp. 2d 830, 832 (M.D. Tenn. 2007) (imposition of sanctions against an attorney personally under 28 U.S.C. § 1927 for his actions in case is a non-dispositive matter) (internal citation omitted); *see also Builders Insulation of Tennessee, LLC v. S. Energy Sols.*, No. 17-CV-2668-TLP, 2020 WL 265297, at *4 (W.D. Tenn. Jan. 17, 2020) (collection of cases discussing authority of magistrate judges to impose sanctions under Rule 37).[3]

Rule 16(f) authorizes the Court to fashion relief – to impose sanctions – if a party or its attorney fails to appear at a scheduling or other pretrial conference or fails to obey a scheduling or other pretrial order. Fed. R. Civ. P. 16(f)(1)(A) and (C). Among the kinds of relief expressly contemplated by Rule 16(f) are the sanctions authorized by Rule 37(b)(2)(A)(ii) through (vii).[4] The Court is not however limited to these sanctions and may enter any "just order" to address the conduct of the party or its attorney. Fed. R. Civ. P. 16(f)(1). Further, Rule 16(f)(2) requires that "[i]nstead of or in addition to any other sanction, the court must order the party, its attorney, or

---

[3] Rule 16(f) incorporates by express reference the kind of sanctions authorized by Rule 37(b)(2)(A)(ii-(vii). Fed. R. Civ. P. 16(f)(1). Further, to be clear, the Court is neither finding nor concluding that it may only impose dismissal as a sanction under Rule 16(f) by report and recommendation. Rather, the Court's election to impose only monetary and other non-dispositive sanctions at this time simply bolsters the determination that it may do so by order.

[4] Rule 37(b)(2)(A) (ii) through (vii) includes the following sanctions:

(ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

(iii) striking pleadings in whole or in part;

(iv) staying further proceedings until the order is obeyed;

(v) dismissing the action or proceeding in whole or in part;

(vi) rendering a default judgment against the disobedient party; or

(vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A) (ii)-(vii).

both to pay the reasonable expenses—including attorney's fees—incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust."

There is no dispute that Mr. Justice failed to comply with the Court's order for him to participate in the joint preparation of a modified case management order, which falls within the scope of sanctionable conduct under Rule 16(f)(1)(C). Nor is there any dispute that Mr. Justice failed to appear for the February 22 case management conference as directed and is therefore subject to sanctions under Rule 16(f)(1)(A). The question for the Court then is what kind of sanctions are appropriate?

Because the Court will not dismiss this case, it is not necessary to extensively analyze the factors that must be considered when contemplating dismissal under Rule 16(f), namely:

> (1) whether the party's failure to cooperate is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dilatory conduct of the party; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Schreiber v. Moe*, 320 F.App'x 312, 318 (6th Cir. 2008). Here, the Court finds that Mr. Justice's failure to participate in preparation of the modified case management order and failure to appear for the February 22 case management, while more than negligent, do not, as a first incident, rise to the level of contumacious conduct that would warrant dismissal. Further, while the Court does not entirely agree with either Mr. Justice's construction of whether he was aptly warned of the prospect of dismissal upon failure to comply with the Court's orders or his arguments that dismissal is wholly unwarranted in this case, the Court nevertheless finds a sufficient basis to impose less drastic sanctions, at least at this juncture and under these circumstances. Plaintiff and Mr. Justice

6

Case 3:23-cv-00637   Document 48   Filed 03/14/24   Page 6 of 9 PageID #: 417

are, however, both cautioned that any similar shortcomings by either one in the future may well result in dismissal of this case under Rule 16(f).

The Court is also disinclined to imposed any of the other sanctions specifically described in Rule 37(b)(2)(A) (ii)-(vii). The Court finds however that just sanctions must, at a minimum, include requiring Mr. Justice to obtain continuing legal education in small office or solo law practice management and ethics to address all the issues articulated in his response and accompanying declaration, which culminated in the events that are the subject of this order. This continuing legal education is necessary to ensure that Mr. Justice does not continue his deficient practices that potentially prejudice opposing parties and counsel, wastefully consume judicial resources, and, most importantly, may ultimately detrimentally impact his own clients. Accordingly, by no later than April 30, 2024, Mr. Justice must obtain a minimum of 4 hours of continuing legal education ("CLE") credit in small office or solo law practice management, at least 1.5 hours of which must be dual or ethics credit. He must notify the Court of his compliance with this requirement by a notice of filing with accompanying confirmation or certification of completion by an authorized CLE provider. The confirmation or certification of completion must include the title of the course(s), the date on which Mr. Justice completed the course(s), and the CLE credit hours given for the course(s).

The Court also finds that Mr. Justice's noncompliance with Rule 16 requires the imposition of attorneys' fees under Rule 16(f)(2). Mr. Justice argues that requiring him to pay the fees of all opposing counsel in connection with drafting and finalization of the proposed modified case management order is unjust because Ms. McCullohs offered to draft the proposed order and Mr. Justice's failure to respond did not "realistically generally any attorneys' fees or 'reasonable expenses' for anyone." (Docket No. 47 at 3.) The Court agrees to some extent.

The Court finds that requiring Mr. Justice to pay Ms. McCullohs' fees for initially drafting the proposed case management order is not substantially justified because Ms. McCullohs offered to do so. Nevertheless, Mr. Justice was expressly directed to participate in preparation of a joint order for submission to the Court (Docket No. 31 at para. J), which he failed to do. The Court finds no adequate excuse in either Plaintiff's filing of February 20, 2024 (Docket No. 45) or Mr. Justice's response (Docket No. 47) for his failure to participate in preparation and finalization of the proposed modified case order management order.  Accordingly, Mr. Justice must pay the fees of opposing counsel for the review and finalization of Ms. McCullohs' draft order and review of Plaintiff's response filed on February 20, 2024. Mr. Justice must also pay the fees of opposing counsel for their preparation for and participation in the February 22, 2024 case management conference, for which Mr. Justice failed to appear. Counsel for Rutherford County Defendants Mike Fitzhugh and Melissa Harrell, and Eric Donica and counsel for the Judicial Defendants James Turner, Barry Tidwell, and Howard Wilson may, within 14 days of the date of this order, each file a motion for determination of reasonableness of awarded attorneys' fees, with accompanying detailed time records. The Court will then enter a separate order of the attorneys' amount to be paid by Mr. Justice.

### III. Conclusion

For the foregoing reasons, the Court imposes the following sanctions under Rule 16(f) for the conduct of Plaintiff's attorney, Drew Justice, in failing to (i) participate in preparation of a modified case management order as directed by the Court's prior orders and (ii) appear for the February 22, 2024 case management conference.

Mr. Justice is **ORDERED** to pay the reasonable attorneys' fees of Defendant's counsel for finalization of a proposed modified case management order and appearance at the February 22,

8

Case 3:23-cv-00637   Document 48   Filed 03/14/24   Page 8 of 9 PageID #: 419

2024 case management conference, in an amount to be determined by separate order. Counsel for Rutherford County Defendants Mike Fitzhugh and Melissa Harrell, and Eric Donica and counsel for the Judicial Defendants James Turner, Barry Tidwell, and Howard Wilson may, **within 14 days** of the date of this order, each file a motion for determination of reasonableness of awarded attorneys' fees, with accompanying detailed time records. The Court will then enter a separate order of the attorneys' amount to be paid by Mr. Justice.

Mr. Justice is further **ORDERED** to, by no later than **April 30, 2024,** provide confirmation that he has obtained a minimum of 4 hours of continuing legal education ("CLE") credit in small office or solo law practice management, at least 1.5 hours of which must be dual or ethics credit. Mr. Justice must notify the Court of his compliance with this requirement by a notice of filing with accompanying confirmation or certification of completion by an authorized CLE provider. The confirmation or certification of completion must include the title of the course(s), the date on which Mr. Justice completed the course(s), and the CLE credit hours given for the course(s).

It is SO ORDERED.

_____
BARBARA D. HOLMES
United States Magistrate Judge