# IN THE UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| **BRADLEY PATTON on behalf of** | ) | |
| **himself and others similarly situated,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case No. 3:23-cv-00637** |
| | ) | |
| **v.** | ) | **JUDGE CAMPBELL** |
| | ) | **MAGISTRATE JUDGE HOLMES** |
| **MIKE FITZHUGH in his official** | ) | |
| **capacity as Sheriff of Rutherford** | ) | |
| **County, Tennessee** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

## <u>MEMORANDUM</u>

Pending before the Court are Defendants James Turner, Barry Tidwell, and Howard Wilson's and Mike Fitzhugh and Melissa Harrell's Motions to Dismiss. (Doc. Nos. 23, 24). Plaintiff Bradley Patton ("Patton") filed a response in opposition (Doc. No. 35) and Defendants filed replies (Doc. Nos. 39, 41). For the reasons discussed below, Defendants' motions (Doc. Nos. 23, 24) will be **GRANTED**.

## I.     FACTUAL BACKGROUND

Patton brings this lawsuit against Rutherford County Circuit Court judges James Turner, Barry Tidwell, and Howard Wilson, Rutherford County Sheriff Mike Fitzhugh, and Rutherford County Circuit Court Clerk Melissa Harrell under 42 U.S.C. § 1983 alleging violations of Patton's rights to due process and non-excessive bail. Patton also requests class certification.

On December 18, 2021, Patton was arrested and charged with possession of Schedule II drugs with intent to sell, possession of Schedule IV drugs with intent to sell, possession of a firearm with intent to go armed during a dangerous felony, simple possession, simple possession of methamphetamine, and possession of drug paraphernalia. (Doc. No. 20 at ¶ 6). Patton's total bail was set at $126,000. (*Id.* at ¶ 11). On June 29, 2023, Patton pled guilty to possession of over half a gram

of methamphetamine with intent to sell and attempted possession of a firearm during a dangerous felony and was sentenced to ten years of probation. (*Id.* ¶ 12). Patton alleges that the Rutherford County Local Rules require a source hearing for any criminal defendant whose bail is set at $75,000 or greater if the defendant is charged with certain crimes, including the drug-related crimes that Patton was charged with. (*Id.* at ¶ 32). Specifically, the local rule challenged by Patton provides, in relevant part, as follows:

> (G) Any single or total bond for the same defendant, charged with an offense listed in Rule 16.07(H) or (I), in an amount of Seventy-Five Thousand Dollars ($75,000.00) or more shall not be made without an order approving the source. Any hearing upon motion by defendant or bonding company shall be heard on an expedited basis requiring three (3) days' notice to the Court and the District Attorney General. The Court shall conduct a hearing to determine compliance with these Rules and the provisions of Tennessee Code Annotated (T.C.A) § 39-11-715 regarding the source of the premium of said bond. Any Trial Court or General Sessions Court, depending upon where the case is pending, may conduct such hearings and enter such orders, injunctions, restraining orders, prohibitions, or issue any extraordinary process for the purpose of ensuring that any defendant does not use any proceeds directly or indirectly derived from a criminal offense for the purpose of securing an appearance bond or to pay the premium for the bond. Any court may require the defendant or bonding agent to prove in open court the source of such bond or premium before accepting the bond, and the burden of proof shall be upon the party seeking the approval or acceptance of the bond.

(*Id.* at ¶ 32). Patton alleges that he filed appropriate bail bond paperwork on June 13, 2023, but that he was forced to wait until June 22, 2023, to prove the legitimacy of his bail source. (*Id.* at ¶ 15). Patton also alleges that the State of Tennessee and its local government entities have no legitimate interest in ensuring that bail is paid without using criminal proceeds and that the bail source policy is not narrowly tailored to meet any legitimate interest. (*Id.* at ¶¶ 18-19). Instead, Patton alleges that the entire purpose behind the bail course policy to "simply to harass those accused of crimes, and to prevent, delay, or otherwise make it difficult, tedious, and expensive for them to gain pretrial release." (*Id.* at ¶ 20).

Patton alleges that Defendants' enforcement of the bail source policy violated his substantive and procedural due process rights under the Fourteenth Amendment and his right to non-excessive bail under the Eighth Amendment. (*Id.* at ¶¶ 41-51). On November 3, 2023, Defendants filed the pending motions seeking dismissal of Patton's claims under Fed. R. Civ. P. 12(b)(1) and (b)(6).

## II.    STANDARD OF REVIEW

### A.  Fed. R. Civ. P. 12(b)(1)

Whether a court has subject-matter jurisdiction is a "threshold determination" in any action. *Am. Telecom Co. v. Republic of Lebanon*, 501 F.3d 534, 537 (6th Cir. 2007). This reflects the fundamental principle that "[j]urisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) (quoting *Ex parte McCardle*, 74 U.S. (7 Wall.) 506, 514 (1868)). The party asserting subject-matter jurisdiction bears the burden of establishing that it exists. *Ammons v. Ally Fin., Inc.*, 305 F. Supp. 3d 818, 820 (M.D. Tenn. 2018).

A motion to dismiss under Rule 12(b)(1) for lack of subject-matter jurisdiction "can challenge the sufficiency of the pleading itself (facial attack) or the factual existence of subject matter jurisdiction (factual attack)." *Cartwright v. Garner*, 751 F.3d 759 (6th Cir. 2014) (internal citation omitted). A facial attack challenges the sufficiency of the pleading and, like a motion under Rule 12(b)(6), requires the Court to take all factual allegations in the pleading as true. *Wayside Church v. Van Buren Cty.*, 847 F.3d 812, 816-17 (6th Cir. 2017) (citing *Gentek Bldg. Prods., Inc. v. Sherwin-Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007)).

A factual attack challenges the allegations supporting jurisdiction, raising "a factual controversy requiring the district court to 'weigh the conflicting evidence to arrive at the factual predicate that subject matter does or does not exist.'" *Id.* at 817 (quoting *Gentek*, 491 F.3d at 330). When analyzing a factual attack as to standing, the court may undertake "a factual inquiry regarding

3

the complaint's allegations only when the facts necessary to sustain jurisdiction do not implicate the merits of the plaintiff's claim." *Gentek*, 491 F.3d at 330. District courts reviewing factual attacks have "wide discretion to allow affidavits, documents and even a limited evidentiary hearing to resolve disputed jurisdictional facts." *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.3d 320, 325 (6th Cir. 1990).

### B. Fed. R. Civ. P. 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) permits dismissal of a complaint for failure to state a claim upon which relief can be granted. For purposes of a motion to dismiss, a court must take all of the factual allegations in the complaint as true. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual allegations, accepted as true, to state a claim for relief that is plausible on its face. *Id.* at 678. A claim has facial plausibility when the plaintiff pleads facts that allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* In reviewing a motion to dismiss, the Court construes the complaint in the light most favorable to the plaintiff, accepts its allegations as true, and draws all reasonable inferences in favor of the plaintiff. *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). Thus, dismissal is appropriate only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Guzman v. U.S. Dep't of Children's Servs.*, 679 F.3d 425, 429 (6th Cir. 2012).

### III. ANALYSIS

Defendants argue that Patton lacks standing because he is no longer detained as he pled guilty and was released on probation (Doc. No. 20 at ¶ 12), which Defendants argue renders the case moot and thus, the Court lacks subject matter jurisdiction.

To satisfy the "case or controversy" limitation consistent with Article III of the United States Constitution, a plaintiff must show that it has (1) "suffered an 'injury in fact' – an invasion of a

4

judicially cognizable interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) that there be a causal connection between the injury and the conduct complained of—the injury must be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court; and (3) that it be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Bennett v. Spear*, 520 U.S. 154, 167 (1997) (internal citation omitted).

An injury in fact "must persist at every stage of review, or else the action becomes moot." *Friends of the Earth, Inc. v. Laidlaw Entl. Servs. (TOC), Inc.*, 528 U.S. 167, 179 (2000). When a plaintiff requests injunctive relief, the inquiry into whether there is an injury in fact is twofold and "requires plaintiff to show both 'past injury and a real and immediate threat of future injury." *Mosley v. Kohl's Dep't Stores, Inc.*, 942 F.3d 752, 756 (6th Cir. 2019) (internal citations omitted). Past harm "does not entitle a plaintiff to seek injunctive or declaratory relief" because it "'does nothing to establish a real and immediate threat that' it will occur in the future, as is required for injunctive relief." *Kanuszewski v. Michigan Dep't of Health & Hum. Servs.*, 927 F.3d 396, 406 (6th Cir. 2019) (internal citation omitted).

Here, there is no ongoing harm as Patton is released and future injury to Patton is speculative. *O'Shea v. Littleton*, 414 U.S. 488, 497 (1974) (holding that no case or controversy existed where criminal defendants failed to show that they were serving an allegedly illegal sentence, on trial, or awaiting trial and holding that "[p]ast exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief... if unaccompanied by any continuing, present adverse effects" and that "the prospect of future injury rests on the likelihood that [the defendants] will again be arrested for and charged with violations of the criminal law and will again be subjected to bond proceedings, trial, or sentencing" and the Court "assume[d] [the defendants] will conduct their activities within the law and so avoid prosecution and conviction..."). Granting relief on the

5

speculative idea that Patton will reoffend is insufficient to establish a concrete and immediate threat of future injury. This is especially true here, as the bond source hearing policy requires a charge of specificized crimes and a bond amount greater than $75,000. Accordingly, the Court finds that this is too speculative to constitute a future harm sufficient to satisfy a case or controversy.

Patton's response, which is largely incoherent, does not develop the legal precedent cited therein to support his position and is dismissive of Defendant's arguments generally as "weak" and "nonsense." (Doc. No. 35 at PageID # 337, 347). Respectfully, the Court, not Patton's counsel, will determine what arguments have merit; counsel would be wise to consider the tone with which he presents arguments to the Court.

Patton does not seem to dispute that his claims are moot, but instead argues: (1) the purported class has members whose claims are not moot; and (2) the alleged wrong is capable of repetition yet evading review. The "class" argument puts the cart before the horse: the named plaintiff must have cognizable claims. *O'Shea*, 414 U.S. at 494 (emphasis added) ("Moreover, if none of the named plaintiffs purporting to represent a class establishes the requisite of a case or controversy with the defendants, none may seek relief on behalf of himself or any other member of the class."); *E. Tex. Motor Freight Syst., Inc. v. Rodriguez*, 431 U.S. 395, 403 (1977) (internal citation omitted) ("[A] class representative must be part of the class and 'possess the same interest and suffer the same injury' as the class members."). Rule 23(a) "ensures that the named plaintiffs are appropriate representatives of the class whose claims they wish to litigate." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 349 (2011). Accordingly, Rule 23(a) is limited to class claims that are "fairly encompassed by the named plaintiff's claims." *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 156 (1982) (internal citation omitted).

Patton's "capable of repetition argument" fares no better. The "capable of repetition yet evading review" doctrine is a narrowly applied exception to mootness and applies only where: (1)

6

"the challenged action [i]s in its duration too short to be fully litigated prior to its cessation or expiration"; and (2) "there [i]s a reasonable expectation that the same complaining party w[ill] be subjected to the same action again." *Murphy v. Hunt*, 455 U.S. 478, 482 (1982) (internal citation omitted).

Here, as Defendants correctly point out, because Patton has been released from pre-trial custody, there is no reasonable expectation that Patton will again be subjected to a bail source hearing. Thus, the Court finds that Patton lacks standing, and his case is now moot.

Because Patton's case is moot, Patton is precluded from seeking "relief on behalf of himself *or any other member of the class.*" *O'Shea*, 414 U.S. at 494 (emphasis added); *Fox v. Saginaw Cnty., Mich.*, 67 F.4th 284, 294 (6th Cir. 2023) (internal citation omitted) (reasoning that "class representatives must prove their own 'case or controversy'… in order to seek relief for 'any other member of the class.").

Having found that Patton's claims are moot and thus, the Court lacks subject-matter jurisdiction, the Court does not need to address the other bases for dismissal argued by Defendants.

## IV. CONCLUSION

For the reasons stated above, Defendants' motions to dismiss (Doc. Nos. 23, 24) will be **GRANTED**.

An appropriate Order will enter.

_____
WILLIAM L. CAMPBELL, JR.
CHIEF UNITED STATES DISTRICT JUDGE